Filed 02/27/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03452

---

Brian Davidson v Nicholas Deml et al

---

Opinion and Order on the State's Motion to Dismiss

In his amended complaint, Inmate Brian Davidson claims that the Department of the Corrections (DOC) is failing to give him medications that were prescribed to him in the community and that are medically necessary, all in violation of 28 V.S.A. § 801. The DOC has filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Mr. Davidson has failed to exhaust his administrative remedies. Mr. Davidson acknowledges the general obligation to exhaust the grievance process before filing suit, and he concedes that he filed three grievances and never pursued any to completion. He argues, however, that the DOC's responses to the latter two grievance processes foreclosed any need to proceed with those grievances further.

The current grievance system policy proceeds as follows. If the inmate and staff are unable to resolve the issue without "engaging in the documented informal complaint process," an informal complaint is filed. DOC Policy #320, Procedural Application ¶ B.1. An informal complaint consists of the inmate's description of the issue and the inmate's "Proposed Solution." Grievance Form 1. "If a plan of resolution is not agreed upon," the inmate may file a formal grievance. DOC Policy #320, Procedural Application ¶ C.

Following an investigation, responsible staff will indicate one of the following outcomes:

   i.     Denied: There is no evidence to support the basis of the grievance.

   ii.    Meritorious in part: There is evidence to support part of the grievance.

   iii.   Resolved: The issue has been acknowledged and a solution is in progress or has been enacted.

*Id.* ¶ C.6. "Grievants dissatisfied with a grievance decision may file an appeal with the Commissioner within 10 business days of receiving the grievance decision." *Id.* ¶ E. The Commissioner's decision concludes the process. *Id.* ¶ E.6.

Evidence of 3 grievance processes are in the record: grievances #MVRCF000000000632 (submitted April 26, 2024), # MVRCF000000001036 (submitted July 14, 2024), and #MVRCF000000001040 (submitted July 16, 2024).

The records related to the April 26 grievance reveal that Mr. Davidson filed a complaint with DOC that he characterized as an emergency to the effect that he had been denied his prescription for Vyvanse and needed it. His proposed solution was that he should immediately be given his Vyvanse. The following day, the staff response was to reiterate the treatment plan already in place that did not include Vyvanse. Though that effectively was a denial, staff changed the grievance disposition to "Resolved." The next day, Mr. Davidson escalated by filing a formal grievance, reiterating his need for Vyvanse. The staff response again was to reiterate his treatment plan, which did not include Vyvanse. The disposition of his grievance again was changed to "Resolved." Mr. Davidson did not appeal to the Commissioner.

The records related to the July 14 grievance reveal that Mr. Davidson complained that he needed prescriptions that he came to prison with and had been denied. His proposed solution was one word: "lawsuit." He indicated that his complaint was an emergency. The staff response was to indicate that the complaint was not an emergency and the reference to a lawsuit was considered to be an inappropriate threat to coerce staff. The grievance disposition was changed to "Rejected." Mr. Davidson escalated his complaint to a formal grievance. Without additional staff response, the grievance disposition again was changed to "Rejected." Mr. Davidson did not appeal to the Commissioner.

The records related to the July 16 complaint reveal that Mr. Davidson complained that he was being refused two medications previously prescribed to him. His proposed resolution includes his own statement that "I need to exhaust all internal administrative remedies before I can file a lawsuit." He indicated that his complaint was an emergency. The staff response was that there was no emergency, and the complaint otherwise was referred to medical staff. On July 19 the medical staff response was: "Hi Mr. Davidson, you were seen by the Psychiatric Prescriber on 07/04/2024. She wrote you were out for 6 weeks and did not continue your stimulants while out. You were ordered Prozac 10mg every morning. Thank you." The grievance disposition was changed to "Resolved." Mr. Davidson did not escalate by filing a formal grievance, and he did not attempt to appeal to the Commissioner.

Mr. Davidson plainly did not exhaust the grievance process during any of these grievances. *See Pratt v. Pallito*, 2017 VT 22, ¶ 15, 204 Vt. 313, 319 ("A trial court lacks

subject matter jurisdiction to hear a case if a party fails to exhaust administrative remedies."). His arguments against that conclusion are not convincing.

In opposition to dismissal on that basis, he argues that he had no obligation to exhaust the July 14 process because there was no good cause for the denial of his grievance. He says, "By rejecting Mr. Davidson's grievance without cause, DOC has made any further administrative remedies unavailable to him. He should not be expected to continue filing grievances that are going to be rejected without reason." This argument is pays no heed to the salutary purposes of the exhaustion requirement. "The purpose of the exhaustion requirement is 'to afford the parties and the courts the benefit of the administrative agency's experience and expertise, and to afford the agency the opportunity to cure its own errors.'" *Pratt*, 2017 VT 22, ¶ 14, 204 Vt. 313, 318–19. If Mr. Davidson thought that staff improperly denied his formal grievance, he could have appealed to the Commissioner. He did not.

He also claims that there was no need to file a formal grievance following his July 16 informal grievance because staff marked his informal grievance: "Resolved." In his view, the "resolved" status meant that the relief he sought was underway, and he should not have to appeal when he is told that he will be given the relief that was requested. This argument might have had some traction if the record in any way supported it. Instead, the record is clear that, even if "denied" was the more accurate grievance disposition language, Mr. Davidson's requests for certain medications plainly were denied, repeatedly, and the use of the word "resolved" did not create any confusion. All of Mr. Davidson's requests for medications were consistently denied every time staff responded to an informal complaint or a formal grievance. And in the April 26 process,

his informal complaint was denied but labeled "Resolved." He nevertheless knew to file a formal grievance in response. Moreover, he indicated that the sole reason he was filing the July 16 grievance was to exhaust his administrative remedies. Inexplicably, he then did not.

Though misusing these disposition labels could create potential confusion in some circumstances, they are not magic words that determine whether a grievant should proceed to the next step of the process. Substance matters. The inmate is directed to file a formal grievance if the informal complaint does not generate an "agreed upon" "plan of resolution." DOC Policy #320, Procedural Application ¶ C. None of the three grievance processes ever arguably resulted in any agreed upon plan of resolution. The inmate is directed to file an appeal with the Commissioner if "dissatisfied with a [formal] grievance decision." *Id.* ¶ E. The record is clear as to two fundamental points: 1. Mr. Davidson has never been satisfied with any grievance decision; and 2. He did not take advantage of all of the administrative appeal stops offered by the DOC to vet his grievances.

Mr. Davidson failed to exhaust administrative remedies. The Court lacks subject matter jurisdiction to hear this case.

### Conclusion

For the foregoing reasons, the State's motion to dismiss is granted.

Electronically signed on Wednesday, February 26, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge